## BLANCHARD *versus* DOW.

When an officer of a corporation is required to be chosen by ballot, and the record of his election does not specify the mode, the legal presumption is that he was chosen by ballot.

A collector of taxes, who receives a surplus of money upon the sale of property for a tax, and who omits to render to the owner, "an account in writing" of the sale and charges, is a trespasser *ab initio*.

TRESPASS for taking the plaintiff's horse. The defendant admitted the taking, and set up, as a justification, *that* he was the collector of taxes of the West Pittston Village Fire Company, established by the Act of 1847, chap. 34, of Special Acts ; *that* the defendant was liable to taxation in that company, and had been assessed in the tax bills, $44,15 ; *that* defendant refused to pay the same, and *that*, after duly advertising, &c., he sold the horse for $65,00, and *that*, after deducting therefrom the tax and cost, there remained in his hands $16,78, which he offered to pay to the plaintiff.

The defendant contested the validity of the Special Act, and the regularity of the proceedings of the assessors and collector, and particularly that the record does not show the defendant to have been chosen by ballot. The fourth section of the Act requires the collector to collect the tax in like manner as State taxes are collected by towns. Much testimony,

both documentary and oral, was introduced. It did not appear by the collector's return, or by any other evidence, that the defendant, when offering the overplus, $16,78, to the plaintiff, presented any account in writing of the sale and charges, as required by Revised Statutes, chap. 14, sect. 67. The case was submitted for the decision of the court.

*Paine,* for the plaintiff, among other things, argued that the defendant was a trespasser *ab initio,* because he did not restore the surplus to the plaintiff immediately, or render to him an account of the sales and charges.

*Evans* and *Bradbury,* for the defendant.

SHEPLEY, C. J. — It is said that the ·defendant was not legally chosen collector, because the record does not state, that he was chosen by ballot according to the provisions of the first article of the by-laws.

The presumption of law is, that he was legally chosen, when there is nothing in the record to show, that he was not. *Mussey* v. *White,* 3 Greenl. 290.

When the overplus was tendered to the owner of the goods distrained, there is no proof made by the return of the collector, or by the other testimony introduced, that it was done " with an account in writing of the sale and charges."

This is required by the provisions of the statute, chap. 14, sect. 67. The collector cannot make out a justification without showing, that he has complied with the provisions of the statute. Failing to do so, he becomes a trespasser *ab initio.* *Smith* v. *Gates,* 21 Pick. 55.

It is not necessary to notice the other points presented.

*Defendant defaulted.*